UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAVEN MAURER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-13479** |
| **ST. TAMMANY PARISH SCHOOL BOARD, et al.** | **SECTION: "T" (3)** |

## ORDER

Before the Court are a Motion to Dismiss Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6) and, alternatively, a Motion for More Definite Statement Pursuant to FRCP 12(e) filed by St. Tammany Parish School Board (the "STPSB"), William L. Folse, III, and Michael J. Cossé ("Defendants").[1] Raven Maurer ("Plaintiff") filed an opposition.[2] For the following reasons, the Motions are **GRANTED IN PART and DENIED IN PART**.

### FACTUAL AND PROCEDURAL BACKGROUND

This dispute arises between a parish school board and a former school bus operator. On February 10, 2015, the STPSB hired Plaintiff as a school bus operator.[3] A collective bargaining agreement ("CBA") governed Plaintiff's employment with the STPSB. The STPSB and the St. Tammany Federation of Teachers and School Employees (the "Federation"), which is the union representing STPSB employees, including Plaintiff, negotiated the CBA.[4]

On January 29, 2019, Plaintiff and her supervisors disagreed on the proper procedure for dropping off a child when the child's parents were not home.[5] As a result, on January 30, 2019,

---

[1] R. Doc. 16.
[2] R. Doc. 21.
[3] R. Doc. 10, p.2.
[4] R. Doc. 10, p.3.
[5] R. Doc. 10, p.4.

1

the STPSB served Plaintiff with a just cause hearing notification, pursuant to the CBA.[6] The stated basis for the hearing was "failure to follow reporting procedures."[7] The hearing was scheduled for February 7, 2019.[8] The hearing took place on February 11, 2019.[9] As a result of the hearing, Plaintiff received a letter of reprimand, dated February 12, 2019.[10] Again, the stated basis for the letter of reprimand was "failure to follow reporting procedures."[11] In response, Plaintiff submitted a rebuttal to the STPSB's actions.[12]

In April of 2019, the STPSB contacted and directed Plaintiff to provide a urinalysis sample for a drug screen.[13] On April 17, 2019, Plaintiff provided a urinalysis sample.[14] Plaintiff claims that at the time she provided her urinalysis sample, she took prescribed medications that would result in positive findings on certain urinalysis tests.[15] On April 26, 2019, the urinalysis testing official, Dr. Brian Heinman, contacted Plaintiff.[16] Dr. Heinman advised Plaintiff that her drug screen was positive for methamphetamine, and asked for an explanation for the positive result.[17] Plaintiff advised Dr. Heinman of her prescribed medications.[18] Plaintiff claims that Dr. Heinman "erroneously advised that said medications could not have caused the positive findings of the urinalysis."[19] Plaintiff further explained that she may have taken a diet pill or diet pills prior to

---

[6] Id.
[7] Id.
[8] Id.
[9] Id.
[10] Id.
[11] Id.
[12] Id.
[13] R. Doc. 10, p.5.
[14] Id.
[15] Id.
[16] Id.
[17] Id.
[18] R. Doc.10, p.6.
[19] Id.

2

giving the urinalysis sample.[20] Plaintiff also claims that she did not receive any other information on her positive test result.[21]

On April 29, 2019, one of Plaintiff's supervisors, Mr. Steve Alfonso, called Plaintiff into his office.[22] Mr. Alfonso inquired about the positive test results.[23] Plaintiff attempted to provide the same explanation that she provided to Dr. Heinman.[24] On May 1, 2019, Plaintiff received a "show cause notification" pursuant to the CBA.[25] The hearing was scheduled for May 6, 2019.[26] On May 2, 2019, Assistant Superintendent Cossé ("Defendant Cossé") contacted Plaintiff.[27] Defendant Cossé advised Ms. Maurer that she could voluntarily resign her employment with the STPSB.[28] He also advised Plaintiff that if she did not resign prior to the just cause hearing, she could lose her commercial driver's license and incur other adverse administrative actions pertaining to her ability to continue as a school bus operator and/or to sell her bus to another bus operator.[29]

On May 3, 2019, the STPSB provided Ms. Maurer with a copy of the drug screen report.[30] The report indicated that Plaintiff tested positive for methamphetamine.[31] Plaintiff claims the report did not provide information on collection procedures, chain of custody (other than the Chain of Custody number 517083848), specific testing procedures, or whether the drug test detected any of the prescription medication Plaintiff took at the time of the urinalysis.[32] On May 6, 2019,

---

[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] R. Doc. 10, p.7.
[30] *Id.*
[31] *Id.*
[32] *Id.*

3

Plaintiff attended the show cause hearing before the STPSB.[33] Plaintiff's attorney accompanied her to the hearing.[34] However, her attorney was not permitted to attend the hearing.[35] Instead, Ms. Deborah Green, a member of the Federation, represented Plaintiff at the hearing.[36] Defendant Cossé presided over the hearing.[37]

Between May 1, 2019 and May 7, 2019, Defendant Cossé met with Superintendent Folse ("Defendant Folse").[38] Among other topics, the two discussed the circumstances surrounding the show cause proceedings pertaining to Plaintiff.[39] On May 7, 2019, Defendant Folse informed Plaintiff that, pursuant to the results of the show cause hearing of May 6, 2019, and based upon the recommendations of Defendant Cossé, he terminated Plaintiff's employment.[40] Defendant Folse terminated Plaintiff due to a "violation of school board policy."[41]

On May 20, 2019, Plaintiff, through counsel, submitted a rebuttal to the STPSB termination of her employment.[42] On June 27, 2019, Plaintiff, through counsel, submitted correspondence to the STPSB detailing the violations of the CBA.[43] Plaintiff sent both the rebuttal and the correspondence to the Federation.[44] Plaintiff claims the Federation has taken no action in remedying the alleged violations.[45]

In response, Plaintiff filed suit alleging that Defendants deprived her of employment to which he is entitled to, in not providing meaningful notice of or opportunities to respond to alleged

---

[33] *Id.*
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] R. Doc. 10, p.8.
[38] *Id.*
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] R. Doc. 10, p.10.
[43] R. Doc. 10, p.11.
[44] R. Doc. 10, pp.10-11.
[45] R. Doc. 10, p.10.

violations and in violating the procedural requirements under the CBA. Plaintiff filed suit against Defendant Folse and Defendant Cossé in their official and individuals capacity, and the STPSB.[46] In her amended complaint, Plaintiff asserts (1) violation of the Fourteenth Amendment to the United States Constitution (deprivation of property interest without due process of law); (2) violation of the CBA; and (3) intentional infliction of emotional distress ("IIED"). Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint and, in the alternative, a Motion for More Definite Statement. In its Motion to Dismiss, Defendants contend that (1) Plaintiff improperly sued Defendant Folse and Defendant Cossé in their official capacities while at the same time suing the STPSB; (2) Plaintiff received significant due process; (3) Plaintiff failed to exhaust her remedies in administrative and state court; (4) the individually named defendants are immune from suit in state law claims; and (5) the conduct of the individually named defendants was not extreme and outrageous, and Plaintiff does not allege or provide facts that her emotional distress was severe or that Defendants had any desire to inflict severe emotional distress.[47] Plaintiff has opposed the motion.[48]

## LAW AND ANALYSIS

### A. MOTION TO DISMISS

The court analyzes a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) with the same standard as a motion to dismiss under Rule 12(b)(6).[49] Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[50] Motions to dismiss for failure to state a claim are viewed with

---

[46] R. Doc. 10, p.2.
[47] R. Doc. 16-1.
[48] R. Doc. 21.
[49] *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992)).
[50] Fed. R. Civ. P. 12(b)(6).

disfavor and are rarely granted.[51] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[52] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[53] and the documents attached to the complaint.[54]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[55] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[56] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[57] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[58]

**i. Official Capacity Claims against Defendant Folse and Defendant Cossé**

Defendants contend that Plaintiff improperly sued Defendant Folse and Defendant Cossé in their official capacities, while at the same time suing the STPSB. Specifically, Defendants assert that Plaintiff cannot maintain a suit against both Defendants Folse and Cossé in their official capacities, and, the STPSB for the same alleged conduct.[59] The Fifth Circuit has continuously held that a plaintiff cannot maintain a suit against a governmental entity and its governmental officials

---

[51] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982).
[52] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[53] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[54] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[55] *Iqbal*, 556 U.S. at 678.
[56] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc*., 302 F.3d 552, 558 (5th Cir. 2002)).
[57] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (*citing Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).
[58] *Twombly*, 550 U.S. at 555.
[59] R. Doc. 16-1, pp.4-5.

disfavor and are rarely granted.[51] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[52] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[53] and the documents attached to the complaint.[54]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[55] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[56] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[57] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[58]

**i. Official Capacity Claims against Defendant Folse and Defendant Cossé**

Defendants contend that Plaintiff improperly sued Defendant Folse and Defendant Cossé in their official capacities, while at the same time suing the STPSB. Specifically, Defendants assert that Plaintiff cannot maintain a suit against both Defendants Folse and Cossé in their official capacities, and, the STPSB for the same alleged conduct.[59] The Fifth Circuit has continuously held that a plaintiff cannot maintain a suit against a governmental entity and its governmental officials

---

[51] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982).
[52] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[53] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[54] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[55] *Iqbal*, 556 U.S. at 678.
[56] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc*., 302 F.3d 552, 558 (5th Cir. 2002)).
[57] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (*citing Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).
[58] *Twombly*, 550 U.S. at 555.
[59] R. Doc. 16-1, pp.4-5.

disfavor and are rarely granted.[51] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[52] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[53] and the documents attached to the complaint.[54]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[55] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[56] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[57] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[58]

**i. Official Capacity Claims against Defendant Folse and Defendant Cossé**

Defendants contend that Plaintiff improperly sued Defendant Folse and Defendant Cossé in their official capacities, while at the same time suing the STPSB. Specifically, Defendants assert that Plaintiff cannot maintain a suit against both Defendants Folse and Cossé in their official capacities, and, the STPSB for the same alleged conduct.[59] The Fifth Circuit has continuously held that a plaintiff cannot maintain a suit against a governmental entity and its governmental officials

---

[51] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982).
[52] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[53] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[54] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[55] *Iqbal*, 556 U.S. at 678.
[56] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc*., 302 F.3d 552, 558 (5th Cir. 2002)).
[57] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (*citing Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).
[58] *Twombly*, 550 U.S. at 555.
[59] R. Doc. 16-1, pp.4-5.

in their official capacities.[60] This applies to suit against a municipality and its officers.[61] Therefore, a plaintiff cannot maintain a suit against a municipality and its officers in their official capacities for the same alleged conduct. Plaintiff concedes that she cannot bring claims against Defendant Folse and Defendant Cossé in their official capacities;[62] accordingly, these claims are dismissed.

**ii. § 1983 claim**

Pursuant to 42 U.S.C. § 1983, Plaintiff alleges procedural due process violations.[63] To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.[64] Defendants do not dispute they were acting under the color of state law. Therefore, the only issue is whether Plaintiff has asserted sufficient facts to support a claim for the first element of a § 1983 action.

"To succeed on a Section 1983 claim based on termination of employment without being afforded procedural due process, [a plaintiff] must demonstrate that (1) he has a property interest in his employment sufficient to entitle him to due process protection; and (2) that he was terminated without receiving the due process protections to which he was entitled." "Property interests are not created by the Constitution; rather, they stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings."[65] Property interests are not created by unilateral expectation: "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more

---

[60] *Moton v. Wilkinson*, No. CIV. A. 08-1356, 2009 WL 498487, at *1 (E.D. La. Feb. 26, 2009) (citing *Smith v. Amedisys, Inc.,* 298 F.3d 434, 449 (5th Cir. 2002); *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir. 1999)).
[61] *Wilkinson,* 2009 WL at *1 (citing *Romero v. Becken,* 256 F.3d 349, 355 (5th Cir. 2001)).
[62] R. Doc. 21, p. 15 note 1.
[63] R. Doc. 10, pp.11-13.
[64] *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 25 (5th Cir. 1994).
[65] *Blackburn,* 42 F.3d at 936–37 (citing *Perry v. Sindermann,* 408 U.S. 593, 599–601, 92 S. Ct. 2694, 33 L.Ed.2d 570 (1972)).

than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."[66] Further, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."[67] Beyond notice and hearing, however, "due process is flexible," requiring only "such procedural protections as the particular situation demands."[68]

Defendants do not dispute Plaintiff's property interest in her employment. Therefore, the Court must determine whether Plaintiff sufficiently pleaded facts to support her claim that Defendants did not afford her the due process to which she was entitled.

**1. § 1983 Claim Against Defendant Folse and Defendant Cossé In Their Individual Capacities**

Defendants contend Plaintiff received significant due process consisting of multiple meetings and a just cause hearing.[69] Further, Defendants contend Plaintiff received "notice of the charges, and an opportunity to participate in due process."[70] Plaintiff counters that the opportunity to participate in due process afforded to her was not sufficient.[71]

Here, Plaintiff in her Amended Complaint alleges Defendants Folse and Cosse' violated her rights to due process by their conduct and by violating the CBA as follows:

> by failing to provide adequate pre-hearing notice of the supposed violations which were the purported cause of the termination of her employment; b) by failing to provide a meaningful pre-termination hearing by wrongfully presuming wrongdoing on the part of Ms. Maurer prior to holding said hearing; c) by failing to provide meaningful opportunity to respond to the supposed violations which were the purported cause of the termination of her employment; d) by failing to adhere to specific procedural requirements contained within the CBA adopted for Ms. Maurer's benefit, including, but not limited to the requirements of 1) presumption of innocence, CBA BO/OBA Section 3:01(a); 2) assistance of non-Federation legal representation at the pre-termination hearing, CBA BO/OBA

---

[66] *Board of Regents v. Roth,* 408 U.S. 564, 577–78, 92 S. Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972); *see Nunez v. Simms,* 341 F.3d 385, 387 (5th Cir. 2003); *Watson v. N. Panola Sch. Dist.*, 188 F. App'x 291, 294 (5th Cir. 2006).
[67] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).
[68] *Id.*
[69] R. Doc. 16-1, p.9.
[70] R. Doc. 16-1, p.10.
[71] R. Doc. 21, pp.11-13.

Section 302(a); 3) meaningful notice and explanation of the basis for the termination of employment, CBA BO/OBA Sections 302(b) and (c).[72]

In support of these contentions, Plaintiff alleges that, when notified of the just cause hearing, she did not receive any other information regarding the purpose of the hearing.[73] Additionally, Plaintiff in her Amended Complaint asserts the following:

> [the STPSB] provided [Plaintiff] with a copy of the drug screen 'report' purporting to show [Plaintiff's] positive drug screen for 'methamphetamine'. Other than reflecting that [Plaintiff's] drug screen was 'Positive Methamphetamine', the one page report provided no information from which to establish any illicit drug use whatsoever: no indication or foundation as to the collection procedures or whether they were followed; no indication or foundation regarding any chain of custody (other than a supposed 'Chain of Custody' number 517083848); no indication or foundation as to the specific testing procedures (immunoassay screen and/or gas chromatograph/mass spectrometry, the amount of substance or metabolite purportedly detected, or appropriate cut-off values); no indication as to whether any of the prescription medication that [Plaintiff] was taking actually was detected.[74]

Plaintiff further pleads that her attorney was not permitted to attend the just cause hearing on May 6, 2019.[75] Although an attorney for the Federation represented her, she asserts she was entitled to two persons at the just cause hearing.[76] She also asserts that no other evidence, besides the drug screen report, was presented at the just cause hearing.[77] Whether Plaintiff will succeed on her denial of due process claims at trial or survive a motion for summary judgment, the Court finds Plaintiff has asserted sufficient facts regarding her § 1983 claim against Defendant Folse and Defendant Cossé in their individual capacities, upon which relief could be granted.

---

[72] R. Doc. 10, p.12.
[73] R. Doc. 10, p.6.
[74] R. Doc. 10, p.7.
[75] *Id.*
[76] *Id.*
[77] R. Doc. 10, p.8.

**2. § 1983 Claim Against the STPSB**

Defendants contend Plaintiff received notice and had the opportunity to be heard.[78] Plaintiff contends she has sufficiently pleaded facts that the STPSB may be held liable because it did not afford her the pre and post-termination due process to which she is entitled.[79]

In resolving this issue, the Court must first inquire into whether the STPSB may be held liable for its officials' actions in this case. In *Monell v. Dep't of Soc. Servs. of City of New York*, the United States Supreme Court held that a municipality is a "person" for purposes of liability under 42 U.S.C. § 1983.[80] Even though a municipality cannot be held liable under *respondeat superior*, a municipality may be liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[81] The Fifth Circuit in *Bennett v. City of Slidell* held that official policy includes:

> **A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy**. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.[82]

Here, Plaintiff contends Defendant Folse's and Defendant Cossé's conduct, with regard to the application of pre-termination procedures, is part of "persistent, widespread practice…so common and well settled as to constitute a custom that fairly represents [STPSB] policy."[83] Plaintiff contends she pled this in alleging the chief executive officer and his assistant as the perpetrators, and Federation Debra Green's acceptance of these actions while she was aware of the

---

[78] R. Doc. 16-1, pp.9-10.
[79] R. Doc. 21, pp.17-22.
[80] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978).
[81] *Burge v. Par. of St. Tammany*, 187 F.3d 452, 470-71 (5th Cir. 1999) (citing *Monell*, 436 U.S. at 691, 694).
[82] *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (emphasis added).
[83] R. Doc. 21, p.17.

violations through participating in Plaintiff's just cause proceedings, and through the two correspondences regarding the violations.[84] At the motion to dismiss stage, "a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'"[85] In her Amended Complaint, Plaintiff asserts Defendant Folse's and Defendant Cossé's conduct is part of "persistent, widespread practice of STPSB officials such that said violations are so common and well settled as to constitute a custom that fairly represents STPSB policy and for which the STPSB is therefore liable."[86]

As to Plaintiff's claim that the STPSB did not afford her adequate post-termination due process, she contends that, notwithstanding due process deficiencies in the pre-termination procedure, the STPSB deprived her of her employment without due process in not affording her any complementary post-termination hearing procedure.[87] In support of this contention, Plaintiff points the Court to *Browning v. City of Odessa, Texas* and *Cleveland Board of Education v. Loudermill*.[88] In both cases, the courts balanced pre-termination procedures and post-termination procedures to determine whether the plaintiff was afforded the required procedural due process.[89]

Here, Plaintiff contends she was afforded no post-termination due process. Defendants essentially counter that she was not entitled to such post-termination due process as a non-tenured bus driver, that she received sufficient pre-termination due process, and that, at any rate, Plaintiff failed to comply with the grievance procedures of the CBA. Plaintiff asserts in her brief that she

---

[84] *Id.*
[85] *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).
[86] R. Doc. 10, pp.12-13.
[87] R. Doc. 21, pp.17-18.
[88] *See id.*
[89] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546-48, 105 S. Ct. 1487, 1495, 84 L. Ed. 2d 494 (1985); *Browning v. City of Odessa, Tex.*, 990 F.2d 842, 844-45 (5th Cir. 1993).

was not entitled to avail herself of the grievance procedures set forth in the CBA.[90] In the Court's view, the resolution of whether Plaintiff received sufficient due process might necessarily include consideration of whether any post-termination due process, when considered in context with the pre-termination procedures, protected Plaintiff's property right. At this stage, the Court cannot say that Plaintiff has failed to assert any facts sufficient to support her § 1983 claim against the STPSB. The matter is better left for the determination of the factfinder or resolution on summary judgment.

### iii. CBA Violation

Plaintiff also asserts Defendants violated the CBA. Defendants contend Plaintiff failed to exhaust her remedies in administrative and state court.[91] Specifically, Defendants assert the CBA governs Plaintiff's claims, and, the CBA requires pre-judicial action resolution through the grievance procedure.[92] As noted above, Plaintiff counters that the grievance and arbitration procedures did not provide any post-termination procedure for her as a non-tenured bus driver.[93] Specifically, Plaintiff asserts that when the applicable state law and the STPSB's policy are read together, they deny any right to any sort of post-termination procedure.[94] Again, whether Defendants violated the CBA in dismissing her for just cause without due process and whether Plaintiff complied with the procedures of the CBA to secure any post-termination due process that may have been available to her are not issues not yet before the Court. Plaintiff, as the Court has found, has asserted sufficient facts on which she could obtain relief.

---

[90] R. Doc. 21, pp. 13-15.
[91] R. Doc. 16-1, p.10.
[92] R. Doc. 16-1, p.11.
[93] R. Doc. 21, p.14.
[94] *Id.*

**iv. IIED**

Lastly, the Court will inquire into Plaintiff's claim for intentional infliction of emotional distress ("IIED") claim. Defendants contend Defendant Folse and Defendant Cossé in their individual capacities are immune from suit in state law claims.[95] Additionally, Defendants contend their conduct does not constitute extreme or outrageous behavior, and, Plaintiff does not allege or provide facts that her emotional distress was severe or that Defendants had any desire to inflict severe emotional distress.[96] Plaintiff counters that she sufficiently pled her IIED claim, and the individually named Defendants in their individual capacities are not immune from suit.[97] Specifically, Plaintiff contends she sufficiently pled that Defendants falsely accused Plaintiff of illegal drug use, used that false accusation to wrongfully terminate Plaintiff, and violated provisions of the CBA in executing a "sham just cause proceeding."[98]

Under Louisiana jurisprudence, "in order to recover for [IIED], a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct."[99] In pleading that Defendants falsely accused her of illegal drug use, used the false allegation to wrongfully terminate her employment, and violated provisions of the CBA, Plaintiff contends she sufficiently stated an IIED claim upon which relief can be granted.[100] In support of this contention, Plaintiff points the Court to *Huval v. State ex rel. Dept. of Pub. Safety & Corrections*.[101] Plaintiff interprets *Huval* to stand for the proposition that Louisiana courts

---

[95] R. Doc. 16-1, p.14.
[96] R. Doc. 16-1, pp.16-17.
[97] R. Doc. 21, pp.23-24.
[98] R. Doc. 21, p.23.
[99] *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991).
[100] R. Doc. 21, p.23.
[101] *Id.*

permit IIED claims in cases of wrongful employment termination.[102] However, in *Huval*, the Louisiana Supreme Court merely opined on whether the state police commission or the civil district court had subject matter jurisdiction.[103] Specifically, the issue was whether the plaintiff's claims were disciplinary matters and under the state police commission's jurisdiction or were civil matters and under the civil district's jurisdiction.[104]

**1. Immunity to Suit**

Regarding a school employee's immunity to suit, Louisiana Revised Statute § 17:439(A) states:

> Except as otherwise provided in this Section, no person shall have a cause of action against any school employee based on any statement made or action taken by the school employee provided that the action or statement was within the course and scope of the school employee's duties as defined by the school board in which the school employee is employed and **was within the specific guidelines for school employee behavior as established by that school board.**[105]

Here, Plaintiff asserts Defendant Cossé violated the CBA because he presumed Plaintiff guilty of illegal drug use prior to the May 6, 2019 show cause hearing when he blindly accepted the drug test report without supporting evidence and when he contacted Plaintiff asking for her resignation prior to the hearing.[106] Additionally, Plaintiff asserts Defendant Folse knowingly ratified Defendant Cossé's actions when he terminated Plaintiff's employment upon Defendant Cossé's recommendations and after numerous and substantive conversations concerning her employment.[107] The Court determines that Plaintiff met her burden of sufficiently pleading facts

---

[102] *Id.*
[103] *Huval v. State through Dep't of Pub. Safety & Corr., Office of State Police*, 2016-1857 (La. 5/3/17), 222 So. 3d 665, 672.
[104] *Id.*
[105] La. Stat. Ann. § 17:439(A).
[106] R. Doc. 10, pp.6-10.
[107] *Id.*

which plausibly allege that Defendant Folse and Defendant Cossé did not act within the specific guidelines of the CBA, and therefore are not immune to suit.

## 2. Outrageous Conduct

Notwithstanding, Plaintiff's factual allegations do not establish that Defendants' conduct was outrageous or extreme. Under Louisiana law, the conduct alleged "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."[108] IIED claims do not apply to "mere employment disputes since an employer must be free to demote, transfer, discipline, and terminate employees even though such actions will undoubtably be unpleasant and cause emotional distress."[109] Here, Defendants terminated Plaintiff's employment for violating STPSB policy. This is a mere disciplinary action; "disciplinary action in a workplace environment is ordinarily not actionable."[110] Accordingly, Plaintiff has failed to sufficiently allege facts that the conduct was extreme and outrageous behavior.

## 3. Severe Distress and Intent to Inflict Emotional Distress

An employer's conduct must be "intended or calculated to cause severe emotional distress, not just some lesser degree of fright, humiliation, embarrassment or worry."[111] Plaintiff does not point to any facts supporting a claim that the STPSB or the individually named defendants desired to inflict severe emotional distress or knew that severe distress would be certain or substantially certain to result from their conduct. Additionally, Plaintiff does not assert facts supporting a claim that her distress was severe.

---

[108] *White*, 585 So. 2d at 1209.
[109] *Griffith v. Louisiana*, 808 F. Supp. 2d 926, 935 (E.D. La. 2011).
[110] *Groff v. Sw. Beverage Co.*, 2008-625 (La. App. 3 Cir. 11/5/08), 997 So. 2d 782, 787 (citing *White*, 585 So. 2d at 1205).
[111] *Almerico v. Dale*, 05-749 (La. App. 5 Cir. 3/28/06), 927 So. 2d 586, 592 (citing *Nicholas v. Allstate Ins. Co.,* 99–2522 (La. 8/31/00), 765 So. 2d 1017, 1026).

Accordingly, the Court determines that, regarding her claim for intentional infliction of emotional distress, Plaintiff has failed to assert facts to support a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that the Motion to Dismiss Plaintiff's Amended Complaint and alternate 12(e) Motion for More Definite Statement[112] are **GRANTED IN PART and DENIED IN PART**. Plaintiff's claims against Defendant Folse and Defendant Cossé in their official capacities are dismissed WITH PREJUDICE. Plaintiff's claim for intentional infliction of emotional distress ("IIED") is dismissed WITHOUT PREJUDICE. In all other respects, the motion to dismiss and the motion for more definitive statement are DENIED.

**IT IS FURTHER ORDERED** that Plaintiff is granted an additional fourteen (14) days from the entry of this Order to file an amended complaint alleging her claim for the intentional infliction of emotional distress. If an amended complaint is not filed, Plaintiff's IIED claim against Defendants will be dismissed with prejudice.

New Orleans, Louisiana, on this 28th day of September, 2020.

								_____
								GREG GERARD GUIDRY
								UNITED STATES DISTRICT JUDGE

---

[112] R. Doc. 16.